GEORGE D. MALANGA, ALFRED L. MALANGA AND LOUIS J. MALANGA, TRADING AS MAL BROS. CONTRACTING CO., PLAINTIFFS-RESPONDENTS, v. MANUFACTURERS CASUALTY INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT-APPELLANT.

Argued October 20, 1958—Decided November 17, 1958.

*Mr. Vincent D. Enright, Jr.,* argued the cause for defendant-appellant (*Messrs. McKeown, Harth & Enright,* attorneys).

*Mr. Samuel H. Nelson* argued the cause for plaintiffs-respondents (*Messrs. Parnell & Krueger,* attorneys).

The opinion of the court was delivered by

PROCTOR, J. This appeal, which we certified on our motion prior to its consideration in the Appellate Division, is from a summary judgment for the plaintiffs entered in the Law Division of the Superior Court. 49 *N. J. Super.* 341 (*Law Div.* 1958). Defendant's motion for summary judgment was denied and it asks that the judgment below be reversed and summary judgment entered in its favor.

The controversy concerns the construction of a comprehensive liability insurance policy issued by the defendant insurer to George D. Malanga, Alfred L. Malanga and Louis Malanga t/a Mal Bros. Trucking Co. and Mal Bros. Contracting Company. The named insured is a partnership. The policy is in standard form and includes four classes of coverage, of which only "Coverage B—Bodily Injury Liability—Except Automobile" is pertinent. Under this provision the defendant undertook "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury \* \* \* sustained by any person and caused by accident." Under the heading "Conditions" the policy provides that "Assault and battery shall be deemed an accident unless committed by or at the direction of the insured." "Insured" is defined in the policy as follows:

"III Definition of Insured: The unqualified word 'insured' includes the named insured and also includes (1) under Coverages B and D, any executive officer, director or stockholder thereof while acting within the scope of his duties as such \* \* \* and if the named insured is a partnership, the unqualified word 'insured' also includes any partner therein but only with respect to his liability as such. \* \* \*"

While the policy was in effect, one Thompson instituted an action in the Superior Court against the named partnership and George D. Malanga and Alfred Malanga individually. His complaint charged them with wrongful use and occupation of his property, trespass, assault and battery and a malicious injury, for which he sought compensatory and punitive damages. The partnership and the individual

partners called upon the insurer to defend this action. Upon the insurer's refusal, the partnership and the individual partners retained counsel who undertook the defense of the suit. Thereafter, Thompson amended his complaint to include a count charging negligence. The insurer was so notified and, because the policy indisputably covered liability for negligence, it accepted a substitution of attorney and undertook the defense of the entire action despite the refusal of the partnership and the individual partners to execute "non waiver" agreements as requested.

The proofs at the trial disclosed that on October 19, 1955 Thompson, while standing on his own property, refused to permit Alfred Malanga, one of the partners, and certain employees of the partnership who were working on adjacent land, to remove dirt from his premises. At that time Alfred Malanga, the only partner present, was seated in an earth-moving machine. After a heated argument with Thompson, Alfred Malanga told him to "Get way or I will bury you in the dirt." He then drove the machine directly at Thompson who fell into its bucket and was injured. At the close of the entire testimony the trial court granted a motion to dismiss the negligence count. As Thompson had previously abandoned the trespass and use and occupation counts, the sole issue submitted to the jury was the assault and battery claim. The court charged the jury that if it found that Alfred Malanga committed the assault and battery while acting in the ordinary course of business of the partnership, then the verdict could go not only against him but also against the partnership and George D. Malanga as a partner thereof. This instruction embraced the punitive as well as the compensatory damages. The jury returned a verdict in favor of Thompson against the partnership and George D. Malanga and Alfred Malanga, individually, in the amount of $7,500 compensatory damages and $10,000 punitive damages. No appeal was taken from the judgment entered thereon. Upon the insurer's refusal to satisfy the judgment, the partnership paid it and instituted the present action for reimbursement. As noted above, the Law Division

granted this relief to the partnership and the defendant insurer appealed.

The sole issue for our determination is whether under the terms of the policy the partnership as such is covered for liability imposed upon it as the result of an assault and battery committed by a partner in the course of partnership business. The defendant insurer upon this appeal makes no distinction between the compensatory and punitive damage awards, and does not contend that the judgment in the Thompson suit is *res judicata* or that the doctrine of equitable estoppel applies as to the partnership's participation in the tort.

The policy covers liability for bodily injury caused by accident. Assault and battery is deemed an accident "unless committed by or at the direction of the insured." Under the "Definitions" provision of the policy, in addition to the named partnership as an entity, coverage is extended to the individual partners. Alfred Malanga, as a partner, is therefore an insured under the policy. But as he committed the assault and battery he is excluded from coverage because, as to him, the assault and battery cannot be deemed an accident. *Farm Bureau Mut. Automobile Ins. Co. v. Hammer*, 177 *F. 2d* 793 (4 *Cir.* 1949). However, the exclusory clause is without effect as to an insured who neither committed nor directed the commission of the assault and battery. *Western Casualty & Surety Co. v. Aponaug Mfg. Co.*, 197 *F. 2d* 673 (5 *Cir.* 1952); *cf. Maryland Cas. Co. v. New Jersey Mfrs., etc., Ins. Co.*, 48 *N. J. Super.* 314 (*App. Div.* 1958), affirmed *per curiam* 28 *N. J.* 17 (1958). The reason the insurance policy denies coverage of an assault and battery committed by or at the direction of an insured is that it would be contrary to public policy to indemnify a person for a loss incurred as a result of his own willful wrongdoing. 7 *Appleman, Insurance Law and Practice,* § 242b (1942). But the public policy which lies behind the exclusory clause is not applicable where liability is imposed upon an insured for an assault and battery in which he himself took no part. In *Morgan v. Greater New York*

*Taxpayers Mut. Ins. Ass'n,* 305 *N. Y.* 243, 112 *N. E. 2d* 273 (*Ct. App.* 1953), one of two partners committed an assault and battery upon their tenant. The offense was committed in the ordinary course of the partnership business. The partners were insured as individuals under a policy similar to that in the present case. The victim obtained a judgment against the copartners and the assaulting partner individually. The judgment was unsatisfied and the plaintiff sought to avail himself of the non-assaulting partner's right of indemnity against the insurer. In holding that the innocent partner was entitled to indemnification the court said:

"To indemnify him does not save him from the consequences of a criminal act, for he has committed none."

Therefore, the exclusory clause of the assault and battery provision is without effect as to the plaintiff partnership unless the assault and battery committed by Alfred Malanga can be deemed to have been committed by or at the direction of the partnership.

The defendant argues that since the assault and battery was committed by a partner in the course of partnership business, his act is imputed to the partnership under *N. J. S. A.* 42:1–13 and therefore the partnership and all of its members, *N. J. S. A.* 42:1–15, must be excluded from coverage. *N. J. S. A.* 42:1–13 provides:

"Where, by a wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner *so acting or omitting to act.*"

*N. J. S. A.* 42:1–15 provides:

"All partners are liable:
a. Jointly and severally for everything chargeable to the partnership under sections 42:1–13 * * * of this title."

■ The above sections of the Uniform Partnership Law are merely declaratory of the common law principle of mutual agency that the partnership, or every member thereof, is liable for torts committed by one of the members acting in the scope of the firm business, although they do not participate in, or ratify, or have knowledge of such torts. *Caplan v. Caplan,* 268 *N. Y.* 445, 198 *N. E.* 23, 101 *A. L. R.* 1223 (*Ct. App.* 1935); 40 *Am. Jur., Partnerships,* § 136. Such liability is one of the risks of business which is assumed by the partnership to the extent of providing an injured third person with compensation. *Crane, Partnership,* § 54 (1954). There is no question that a partnership may indemnify itself against such risks.

■ In the present case the insurance policy by its terms indemnifies the partnership as such for this liability which the law imposes upon it for the acts of its individual partners. The assault and battery provision was obviously inserted to bring that offense within the protection of the policy as far as possible, without running counter to the public policy that precludes an insured from obtaining indemnity for his own wrongdoing. Therefore, in determining the extent of this coverage, we must distinguish between an agent who is guilty of willful wrongdoing and his principal who is only vicariously responsible. While an assault and battery is a premeditated act from the agent's point of view, to his passively liable principal and to his victim it is an unforeseen occurrence, *i. e.,* an "accident" within the meaning of the policy. Where there is no intentional commission of a wrong by the principal it is entitled to be indemnified. *Georgia Casualty Co. v. Alden Mills,* 156 *Miss.* 853, 127 *So.* 555, 73 *A. L. R.* 408 (*Sup. Ct.* 1930); *Hendrix v. Employers Mut. Liability Ins. Co.,* 98 *F. Supp.* 84 (*D. C. S. C.* 1951), reversed on other grounds, 199 *F. 2d* 53, 41 *A. L. R. 2d* 424 (4 *Cir.* 1952). See *Annotation,* 33 *A. L. R. 2d* 1027 (1954). *Cf. Washington Theatre Co. v. Hartford Accident, etc., Co.,* 9 *N. J. Misc.* 1212 (*Sup. Ct.* 1931). The fact that the culpable agent happens to be a partner should not in itself

vitiate this distinction. See *Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, supra.*

In the present case the named insured, the partnership, is recognized by the terms of the policy as an entity distinct from its individual partners. The situation is comparable to that where a corporation seeks indemnification from its insurer for liability imposed upon the corporation arising out of an assault and battery committed by one of its officers. In *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp.*, 199 *F. 2d* 60 (4 *Cir.* 1952), a suit was instituted on a comprehensive liability insurance policy by a corporation against its insurer to recover the sum of $2,700 paid by the corporate insured in satisfaction of a judgment for damages for assault and battery obtained by a third party against the corporate insured and one Matlack. The policy contained the same exclusion provision as that with which we are here concerned. The insured had called on the insurer to defend the action but the latter refused. The insured then employed its own counsel to defend the suit and at the trial the jury found a verdict for the plaintiff against both defendants in the amount of $250 actual damages and $2,500 punitive damages. The assault and battery was committed by Matlack while he was using a pick-up truck to exchange a motor which the corporate insured had purchased. Matlack was the president of the corporation and the owner of one-third of its stock. The insurer contended that the wrongful act of Matlack committed in the course of his employment was the act of the corporation itself as distinguished from the act of an agent of the corporation and hence the assault was committed "by the insured" and was not covered by the policy. The court in holding for the corporate insured said:

"The problem of coverage in each instance must * * * be resolved by ascertaining the extent of the agent's authority and the capacity in which he has acted, and whether his action may be deemed to have been performed with the corporation's knowledge and consent. The agent's authority may be proved by express grant, or may be inferred from the circumstances, such as the status of the agent, and the acts which he has customarily and openly per-

formed. The determination of the question is not unlike that which confronts the court, when the conviction of a corporation for crime, or the imposition upon it of punitive damages for wanton and malicious conduct is sought and it becomes necessary to show a specific intent on the part of the corporate body. See *People v. Canadian Fur Trappers' Corp.*, 248 *N. Y.* 159, 161 *N. E.* 455, 59 *A. L. R.* 372; *Wardman-Justice Motors v. Petrie*, 59 *App. D. C.* 262, 39 *F.* 2d 512, 69 *A. L. R.* 648.

In the present instance we have no difficulty in concluding that Matlack was not acting in his executive capacity as president of the corporation with the authority of the Board of Directors of the corporation or in the execution of a policy determined by himself under an authority conferred by the corporation. Rather, it seems to us, he was acting as a truck driver who was caught up unexpectedly in an altercation with another driver which led him, on the spur of the moment, to commit the wrongful act; and the liability of the Insurance Company is the same as if he had been an ordinary chauffeur in the company's employ. For these reasons we conclude that the transaction was covered by the policy."

We believe that the facts in the *Glens Falls* case are analogous to those in the present case and that that court's reasoning is persuasive. The defendant does not contend that the partners acting together adopted a policy for the firm with a directive to each partner or its agents or servants to carry out that policy even though it would involve the commission of an assault and battery upon a third person. Nor is it shown that the members of the partnership authorized Alfred Malanga to formulate policy for the firm. There is no contention that his wrongful act was performed with the knowledge and consent of the other partners. We are satisfied that when Alfred Malanga committed the assault and battery upon Thompson, his position in relation to the partnership was no different from that of a foreman on the job, *i. e.*, an agent or servant of the partnership. Since it cannot be said that the assault and battery was committed by or at the direction of the insured partnership, there is no reason to deny it the indemnity which it has purchased. If the defendant intended to exclude the partnership from coverage for liability resulting from an assault by one of its members, it should have made that intention known.

*DeLuca v. Coal Merchants Mut. Ins. Co.*, 203 *Misc.* 261, 59 *N. Y. S.* 2d 664 (*Sup. Ct. App. Term* 1945), cited by

the defendant, is distinguishable from the present case. There it was held that an assault which was committed by the manager and president of the insured corporation, acting in the line of his duty and in the interest of the corporation, was not an "accident" within the meaning of the liability insurance policy. The short *per curiam* opinion does not elaborate further and apparently turned on the point that the officer was acting as managing agent with general corporate authority.

We conclude that the partnership was covered by the policy for its liability arising out of the assault and battery committed by Alfred Malanga. Of course, Alfred Malanga should not individually benefit by our determination in this case. The issue of his liability to the defendant insurer under its right of subrogation is not in any way affected. See *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp., supra.*

Our determination makes it unnecessary to consider the plaintiffs' contention that the defendant waived any rights it had to disclaim liability under the policy.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*For reversal*—Justice HEHER—1.