NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1390

JOHN FORCILLO,

Plaintiff-Appellee,

v.

LEMOND FITNESS, INC. and BRUNSWICK CORPORATION, INC.,

Defendants-Appellants.

_____

DECIDED:  February 17, 2006

_____

Before MICHEL, Chief Judge, MAYER and BRYSON, Circuit Judges.

MICHEL, Chief Judge.

LeMond Fitness, Inc. and Brunswick Corporation, Inc. (collectively "LeMond") appeal an order denying their motion for attorney's fees under 35 U.S.C. § 285.  Because the district court did not clearly err in finding the unproven and unadjudicated allegations of inequitable conduct insufficient to render this case exceptional, we affirm.

## I.  BACKGROUND

John Forcillo is the holder of United States Patent Nos. 6,612,970 and 6,669,603, both directed to stationary exercise bicycles.  Forcillo sued LeMond in the United States District Court for the Southern District of Illinois, alleging infringement of the '970 patent.

Upon LeMond's motion, the action was transferred to the Western District of Washington on April 14, 2004. LeMond asserted counterclaims that the '970 and '603 patents were not infringed, were invalid and unenforceable, as well as violations of the Washington Consumer Protection Act.

Numerous motions, including several motions for summary judgment filed by defendants, were filed in the months that followed. Most relevant to this appeal was LeMond's motion for summary judgment that the patents-in-suit were unenforceable due to inequitable conduct. In short, LeMond accused Forcillo of failing to disclose as prior art an exercise bicycle called the Body Bike, which he had purchased before developing his own exercise bicycle.

After that motion was fully briefed (but before it was decided), however, Forcillo moved for leave to voluntarily dismiss the case with prejudice, reportedly because he did not have the financial resources to continue litigating. The district court granted Forcillo's motion in an order dated February 11, 2005.[1] Judgment was entered the same day, although it was subsequently amended on February 18, 2005, to reflect that LeMond's counterclaims were dismissed <u>without</u> prejudice, rather than <u>with</u> prejudice.

On March 4, 2005, LeMond filed two additional motions, seeking, respectively: (1) costs of $36,544.64 as the prevailing party; and (2) attorney's fees in the amount of $543,313.80, arguing that the alleged inequitable conduct rendered the case exceptional pursuant to 35 U.S.C. § 285. By order of April 29, 2005, the court denied the motion for attorney's fees and granted-in-part the motion for costs.[2] Costs were

---

[1] LeMond did not appeal the order allowing Forcillo's voluntary dismissal.
[2] Although the order was dated February 11, 2005, it was later corrected to read April 29, 2005, as noted in the docket report on May 9, 2005.

awarded in the amount of $24,916.60. LeMond now appeals only the denial of its motion for attorney's fees. We have jurisdiction pursuant to 28 U.S.C. 1295(a)(1).

## II. DISCUSSION

In considering whether attorney's fees should be awarded, the trial court undertakes a two-step inquiry. It first determines whether clear and convincing evidence establishes that the case is exceptional pursuant to 35 U.S.C. § 285 and, if so, then decides as a matter of discretion whether any award should be granted. On appeal, whether the case is exceptional is a factual determination reviewed for clear error, while the decision whether to award fees is reviewed for abuse of discretion. Evident Corp. v. Church & Dwight Co., 399 F.3d 1310, 1315 (Fed. Cir. 2005).

LeMond's appeal boils down to an attempt to revive its motion for summary judgment of unenforceability due to inequitable conduct. Putting aside the question of whether there was clear and convincing evidence of inequitable conduct, however, the district court correctly observed that such a finding would not automatically render the case exceptional nor would it compel an award of attorney's fees. Lighting World, Inc. v. Birchwood Lighting, Inc., 382 F.3d 1354, 1367 (Fed. Cir. 2004). Indeed, it concluded that there was "no gross injustice in this action" and that "even if [the inequitable conduct allegations were] proven, they do not make this case 'exceptional.'" Forcillo v. LeMond Fitness, Inc., No. C04-848, slip op. at 3 (W.D. Wa. Apr. 29, 2005). Even if it had found this case to be exceptional, it would have been within the district court's discretion to decline an award of attorney's fees.

In any event, the district court did not clearly err in finding that the record before it was insufficient to prove inequitable conduct by clear and convincing evidence.

05-1390                                    3

LeMond relied on the same evidence it had previously proffered with its summary judgment motion to support its assertion that the case was exceptional. Unlike the cases cited by LeMond, there was never a finding (as opposed to an unproven allegation) of inequitable conduct. Even if the district court had ruled on the pending motion, summary judgment would have been inappropriate because there were genuine factual disputes concerning both the materiality of the Body Bike and Forcillo's alleged intent to deceive. No other evidence (of litigation misconduct, for example), much less clear and convincing evidence, was proffered to demonstrate that this case was exceptional. Thus, it was not clearly erroneous for the district court to find that this case was not exceptional.

LeMond further asserts that at least a remand is required because the district court's order was overly conclusory and lacked detailed findings of fact. This argument is rejected. Considering the unusual procedural posture of this case, the district court justifiably declined to have a bench trial on the issue of inequitable conduct after the complaint had been voluntarily dismissed with prejudice and judgment had already been entered. See Lighting World, 382 F.3d at 1366-67 (finding that since the issue had not been litigated prior to judgment, "the district court was justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion or in entering detailed findings of fact and conclusions of law"). Moreover, it would be a waste of judicial resources to force further litigation of the inequitable conduct issue because the conditions of the dismissal order – i.e., the forfeiture of "all rights under the '970 and '603 Patents to sue Defendants for infringement" by Forcillo as well as "any assignee of rights," which was applicable to "any products that Defendants have manufactured,

distributed, or sold in the past, or are manufacturing, distributing, or selling on the date of this order" – essentially rendered the patents-in-suit unenforceable against LeMond, the same relief it would have obtained had it proven its allegations.[3]

### III. CONCLUSION

For the aforementioned reasons, we affirm the district court's order denying LeMond's motion for attorney's fees.

---

[3] During oral argument, counsel for LeMond argued that these conditions do not adequately protect against future lawsuits concerning any redesigned or improved products developed <u>after</u> the date of the dismissal order. It does not follow, however, that LeMond is entitled to an adjudication of the inequitable conduct issue on the merits to eliminate the possibility of such lawsuits. Indeed, because counsel conceded that no new products had been developed yet and the above-stated conditions otherwise remove any reasonable apprehension of suit that may have existed, any claim for declaratory relief now asserted by LeMond would be dismissed for lack of jurisdiction. <u>See</u> 28 U.S.C. § 2201; <u>Medimmune, Inc. v. Centocor, Inc.</u>, 409 F.3d 1376, 1379 (Fed. Cir. 2005) ("When a potential infringer seeks declaratory relief in the absence of a lawsuit by the patentee, there must be both (1) a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity."); <u>Super Sack Mfg. Corp. v. Chase Packaging Corp.</u>, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (noting that "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts").