**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1021-22

MICHAEL SERGHIDOU and
ANTIGONI SERGHIDOU,

     Plaintiffs-Appellants,

v.

ALFRED J. PETIT-CLAIR, JR.,
ESQ., BRANDON L. MARTIN,
ESQ., VICTOR MAIN, and THE
ESTATE OF DONALD MAIN,

     Defendants,

and

ALFRED J. PETIT-CLAIR, JR.,
ESQ.,

     Third-Party Plaintiff,

v.

TOUCHSTONE STRATEGIES
and RONALD W. BIRD,
individually,

     Third-Party Defendants,

and

NATIONAL LOAN
ACQUISITIONS COMPANY,

      Defendant/Intervenor-
      Respondent.

_____

        Submitted May 1, 2024 – Decided July 8, 2024

        Before Judges Currier and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-3648-11.

        McIlwain Law Firm, attorneys for appellants (Timothy J. McIlwain, on the brief).

        DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for intervenor-respondent (Timothy P. Beck, on the brief).

PER CURIAM

      Plaintiffs appeal from the March 17, 2020 order granting National Loan Acquisitions Company (NLAC) leave to intervene and the October 21, 2022 order releasing funds held in the Superior Court Trust Fund (Trust Fund) to NLAC.  We affirm.

A-1021-22

In 2011, plaintiff Antigoni Serghidou[1] executed a mortgage modification agreement and promissory note with NLAC. The note was secured by a mortgage on a commercial property. After Antigoni defaulted on the mortgage, NLAC obtained a judgment against her for $450,451.30 plus daily interest. The judgment was recorded as a lien against Antigoni on December 16, 2013.

Shortly after executing the mortgage modification agreement in 2011, plaintiffs filed a lawsuit against defendants Alfred J. Petit-Clair, Jr., Brandon L. Martin, Victor Main, and the Estate of Donald Main alleging professional negligence and fraudulent conduct in their representation of plaintiffs in the acquisition of the property (malpractice action). In 2014, the court dismissed the case without prejudice.

In March 2019, the trial court denied Petit-Clair and Martin's motion to dismiss the case with prejudice and granted plaintiffs' cross-motion to reinstate the complaint. In August 2019, the court granted Petit-Clair's motion for partial summary judgment and dismissed Michael's claims with prejudice. In October 2019, plaintiffs settled their claims with Petit-Clair, Victor Main, and the Estate of Donald Main.

---

[1] As plaintiffs share the same surname, we refer to them by their first names for the ease of the reader.

A-1021-22

On October 31, 2019, NLAC sent all parties a Notice of Judgment Lien against the proceeds of any settlement or judgment Antigoni received from the malpractice lawsuit. In November 2019, NLAC moved to intervene and filed an Order to Show Cause to enjoin the disbursement of the settlement proceeds to plaintiffs. After defendants cross-moved to enforce the settlement, plaintiffs cross-moved to vacate the settlement and return the case to the trial list.

On March 17, 2020, the court granted defendants' cross-motion to enforce the settlement and denied plaintiffs' cross-motion. The court also granted NLAC's motion to intervene and ordered Petit-Clair to deposit $150,075 of the settlement funds into the Trust Fund pursuant to Rule 4:57-1 and to issue a check for $74,925 to plaintiffs' counsel for their fees. Similarly, the court ordered Victor Main and the Estate of Donald Main to deposit $26,680 of the settlement funds into the Trust Fund and to disburse the remaining funds to plaintiffs' counsel for attorney's fees. The order stated the monies in the Trust Fund would remain there pending a court order for disbursement under Rule 4:57-2(a). A subsequent motion to reconsider the order granting leave to intervene was denied.

On July 26, 2022, NLAC moved for an order to release the funds from the Trust Fund. Plaintiffs cross-moved for the court to disburse the funds to them

or alternatively to enforce a settlement agreement under which they would receive $51,000 of the monies held in the Trust Fund and Antigoni's debt with NLAC would be forgiven.

After hearing oral arguments on October 21, 2022, the court granted NLAC's motion to release the funds. In an oral decision, the judge found a judgment creditor has an automatic lien against all of a debtor's property after the docketing of the judgment. The judge further found plaintiffs' argument that NLAC improperly intervened lacked merit and had already been adjudicated. The judge explained that "[t]here is nothing novel about a judgment creditor attempting to collect on monies owed to it, even if it became aware of the existence of a judgment at a later time."

In addition, the judge noted NLAC had complied with the procedures under Rule 4:57-2(a) to request a release of the monies, in verifying the principal amount with the Trust Fund unit and providing all the parties with a copy of the verified order. In contrast, plaintiffs had not followed the procedure under the Rule and instead requested a release of the funds to their lawyer's account so that ninety percent of it could go to Michael, who was not a party to the underlying malpractice action. The judge stated that "to compensate [Michael] on an agreement that . . . [p]laintiffs made amongst themselves is improper."

5

An October 21, 2022 memorializing order granted NLAC's motion and ordered the release of the monies held in the Trust Fund. The judge denied plaintiffs' cross-motion.

On appeal, plaintiffs contend the court erred in permitting NLAC to intervene in the malpractice action and in releasing the monies in the Trust Fund to NLAC. We discern no error in the orders.

Our review of a trial court's interpretation of a court rule is de novo. Wash. Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 560 (App. Div. 2010). The interpretation and enforcement of a settlement agreement, as with all contracts, is also reviewed de novo. Savage v. Twp. of Neptune, 472 N.J. Super. 291, 306 (App. Div. 2022), rev'd in part and aff'd in part, 257 N.J. 204 (2024). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We begin with the order permitting intervention. Although the order did not specify under which rule the court made its decision, we are satisfied NLAC was permitted to intervene as of right under Rule 4:33-1.

To intervene as of right under Rule 4:33-1, a movant must: (1) have an interest in the property or transaction in the case; (2) demonstrate the disposition

of the case would impact their ability to protect their interest; (3) show their interest is not adequately represented by any of the existing parties; and (4) timely file a motion. Chesterbrooke Ltd. P'ship v. Plan. Bd. of Chester, 237 N.J. Super. 118, 124 (App. Div. 1989). The rule is construed liberally and "'"[t]he test is whether the granting of the motion will unduly delay or prejudice the rights of the original parties."'" Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998) (alteration in the original) (quoting Atl. Emps. Ins. Co. v. Tots & Toddlers Pre-School Day Care Ctr., Inc., 239 N.J. Super. 276, 280 (App. Div. 1990)). However, "the rule is not discretionary," and "a court must approve an application for intervention as of right if the four criteria are satisfied." Ibid.

Although NLAC did not have a connection to the underlying malpractice lawsuit, it had an interest in the monies plaintiffs received from the settlement due to its docketed judgment. See In re Weiss, 638 B.R. 543, 552 (Bankr. D.N.J. 2022) (stating that "a judgment creditor automatically has a lien against all the debtor's property in the state once a creditor dockets a judgment" (citing New Brunswick Sav. Bank v. Markouski, 123 N.J. 402, 412 (1991))). Therefore, NLAC met the first element under the Rule.

NLAC also established the second and third criteria. If it was not allowed to intervene in the case, plaintiffs would receive the settlement monies and NLAC's interest would not be protected. And no other party in the case represented NLAC's interests as a judgment creditor.

As to the timeliness of the motion, a court should "consider the purpose of the intervention motion in relation to the stage in the action when the motion was made." Chesterbrooke Ltd. P'ship, 237 N.J. Super. at 125. In Chesterbrooke Limited Partnership, the court found intervenor's motion was timely because it was made "immediately after learning of [an entity's] decision not to file an appeal" and was "solely to appeal the judgment." Id. at 126.

Here, the parties to the malpractice action placed the settlement agreement terms on the record on October 23, 2019. A week later, NLAC sent plaintiffs' counsel a Notice of Judgment Lien advising it was asserting a lien against the settlement funds in satisfaction of the judgment owed by plaintiffs. NLAC filed its motion to intervene on November 15, 2019.

NLAC acted swiftly in asserting its rights. Its motion for intervention was timely. Therefore, the court properly permitted NLAC to intervene into the malpractice action to protect its interest.

A-1021-22

We turn to plaintiffs' contention that the court erred in not exercising its discretion to equitably distribute the settlement funds. They also assert the court erred in denying their motion to rescind the settlement agreement.

New Jersey has a "strong public policy . . . in favor of settlements." Dep't of the Pub. Advoc. v. N.J. Bd. of Pub. Utils., 206 N.J. Super. 523, 528 (App. Div. 1985). A settlement agreement "is a contract like any other contract." Jennings v. Reed, 381 N.J. Super. 217, 227 (App. Div. 2005). Parties may enter a settlement agreement "freely . . . and . . . [the] court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce [it] as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-25 (App. Div. 1983) (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App. Div. 1974)).

Plaintiffs do not contend they did not agree to the essential terms of the settlement agreement, nor is there evidence any party failed to comply with its terms. Plaintiffs do not allege fraud or any other compelling circumstances to warrant setting aside the agreement. Instead, plaintiffs seek to rescind an agreement because they will not receive the monies from the settlement of their claims.

A-1021-22

However, Antigoni will not receive those monies because there is a docketed judgment against her—of which she has been aware for more than ten years. Michael will not receive the settlement monies because he was dismissed as a party in the malpractice action, and therefore, he is not entitled to the funds.

NLAC had a docketed judgment against Antigoni. It properly asserted its judgment under Rule 4:57-2(a) and is entitled to the monies in the Trust Fund.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1021-22