# United States Court of Appeals for the Federal Circuit

---

**HIGHMARK, INC.,**
*Plaintiff-Appellee,*

v.

**ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2011-1219

---

Appeal from the United States District Court for the Northern District of Texas in case no. 03-CV-1384, Judge Terry Means.

---

ON PETITION FOR PANEL REHEARING
AND
ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

CYNTHIA E. KERNICK, Reed Smith LLP, of Pittsburgh, Pennsylvania, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellee and a response to defendant-appellant's petition for panel rehearing. With her on the petition and response were JAMES C. MARTIN, KEVIN S. KATONA and THOMAS M. POHL.

DONALD R. DUNNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, filed a petition for panel rehearing for defendant-appellant and a response to plaintiff-appellee's combined petition for rehearing. With him on the petition and response was Erik R. Puknys, of Palo Alto, California. Of counsel on the petition and response was Dan S. Boyd, The Boyd Law Firm, P.C., of Dallas, Texas.

———————————————

Before RADER, *Chief Judge*, NEWMAN, MAYER, LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

DYK, *Circuit Judge*, with whom NEWMAN, *Circuit Judge*, joins, concurs in the denial of the petition for rehearing en banc.

MOORE, *Circuit Judge*, with whom RADER, *Chief Judge*, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

REYNA, *Circuit Judge*, with whom MOORE, O'MALLEY, and WALLACH, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc. RADER, *Chief Judge*, joins in Parts I–II of the dissent.

## O R D E R

A petition for panel rehearing was filed by Defendant-Appellant Allcare Health Management Systems, Inc. ("Allcare"), and a response thereto was invited by the panel and filed by Plaintiff-Appellee Highmark, Inc. ("Highmark"). A combined petition for panel rehearing and rehearing en banc was also filed by Highmark, and a

response thereto was invited by the court and filed by Allcare.

The petitions for panel rehearing and responses were referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc.[*] A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petitions of Allcare and Highmark for panel rehearing are denied.

(2) The petition of Highmark for rehearing en banc is denied.

(3)  The mandate of the court will issue on December 13, 2012.

                                        FOR THE COURT


December 6, 2012                        /s/ Jan Horbaly
       Date                             Jan Horbaly
                                        Clerk

---

[*]    Judge Mayer did not participate in the decision regarding rehearing en banc. Judge Linn assumed senior status November 1, 2012 after participating in the decision regarding rehearing en banc.

# United States Court of Appeals for the Federal Circuit

---

**HIGHMARK, INC.,**
*Plaintiff-Appellee,*

**v.**

**ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2011-1219

---

Appeal from the United States District Court for the Northern District of Texas in case no. 03-CV-1384, Judge Terry Means.

---

DYK, *Circuit Judge*, with whom NEWMAN, *Circuit Judge*, joins, concurring in the denial of the petition for rehearing en banc.

We agree that rehearing en banc is properly denied. We write briefly to respond to the dissents.

## I

Section 284, 35 U.S.C., allows the award of enhanced damages at the conclusion of a patent case based on a finding of willful infringement. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc); *see also*

*Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1578 (Fed. Cir. 1991) (collecting cases). Section 285, 35 U.S.C., allows the award of attorneys' fees at the conclusion of the case, against either a patentee or an accused infringer, if the court finds the case "exceptional." Following the Supreme Court's decision in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* ("*PRE*"), 508 U.S. 49 (1993), we have long held that the standard for both inquiries is the same, and that it requires a dual determination that the position of the sanctioned party is (1) objectively unreasonable, and (2) asserted in subjective bad faith. *See, e.g.*, *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 543-44 (Fed. Cir. 2011); *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011); *Seagate*, 497 F.3d at 1370-71; *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

We all agree that the ultimate decision to award enhanced damages and attorneys' fees (once the predicate tests have been satisfied) is committed to the district court's discretion, and that the district court's findings on the bad faith component are subject to review for clear error. *See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1310 (Fed. Cir. 2012). The dissents also seem to agree that the objective reasonableness determination should be made by the court, not the jury. The question on which we divide is whether that determination should be subject to de novo review, as this court held in *Bard*, and as this panel (following *Bard*) held here. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012).[1] In particular,

---

[1] *Bard*'s clarification of *Seagate*'s objective prong was authorized by an en banc order granting rehearing "for the limited purpose of authorizing the panel to revise

the question in this case is whether claim construction, which is a question of law in a merits determination, *see Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454-55 (Fed. Cir. 1998) (en banc), should nonetheless be treated as something else in an objective reasonableness determination.

That such legal questions invoke de novo review is clear. Our cases based the objective reasonableness standard directly on the Supreme Court's decision in *PRE*, 508 U.S. at 60-63. *PRE* held that litigation could not be sanctioned unless a suit was objectively baseless, and objective baselessness requires a probable cause determination. *Id.* at 62. *PRE* also held that "[w]here, as here, there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause as a matter of law." *Id.* at 63. Under *PRE*, the reasonableness of a legal position in the context of a probable cause determination is itself a question of law, as the Supreme Court has recently confirmed. *See Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007) (once the relevant facts are determined and inferences drawn "in favor of the nonmoving party *to the extent supportable by the record*, the reasonableness of Scott's actions . . . is a pure question of law"); *see also Stewart v. Sonneborn*, 98 U.S. 187, 194 (1878) ("[P]robable cause is a question of law in a very important sense . . . . Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.") (internal quotation marks omitted). Judge Moore's suggestion that *PRE* did not decide what it explicitly decided is not well taken.

---

the portion of its opinion addressing willfulness." En Banc Order No. 2010-1510 (Fed. Cir. June 14, 2012).

And Judge Moore cites no authority for the proposition that under *PRE*, a determination of probable cause for legal arguments is not subject to de novo review.

## II

Judge Moore, Judge Reyna, and Judge Mayer in his panel dissent, urge that both this decision and *Bard* are inconsistent with our prior authority. This is incorrect.[2] More fundamentally, they assert that the de novo standard is inconsistent with the Supreme Court's decisions in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), and *Pierce v. Underwood*, 487 U.S. 552 (1988), which dealt with the standard of review for awards of attorneys' fees under Rule 11 and the Equal Access to Justice Act ("EAJA"). But those cases arose in quite different contexts, and are no basis for reading sections 284 and 285 as requiring deference to district courts on the objective reasonableness issue.

First, the language of sections 284 and 285 does not mandate deference to the district court's discretion on

---

[2] None of our prior opinions involved a dispute between the litigants as to whether objective recklessness is a question of law to be reviewed de novo on appeal. Because this issue was never discussed, prior cases are not binding precedents on this point. *See Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most assumed the applicability of the . . . standard . . . we are free to address the issue on the merits."); *Nat'l Cable Television Ass'n v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1581 (Fed. Cir. 1991) (opinions that appear to apply a standard, but "with little or no analysis," are "not precedent to be followed in a subsequent case in which the issue arises"); *see also Boeing N. Am., Inc. v. Roche*, 298 F.3d 1274, 1282 (Fed. Cir. 2002) (collecting cases).

questions of law. To the contrary, section 285 was amended to replace an open-ended discretionary standard, and to restrict the discretion in the district courts. Section 285, as originally enacted, provided that the district court "may in its discretion award reasonable attorney[s'] fees." Patent Act of Aug. 1, 1946, ch. 726, 60 Stat. 778. The 1952 Patent Act deleted the "in its discretion" language and replaced it with the "exceptional case" standard that exists today. 35 U.S.C. § 285 (2006) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *see also Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 691 (1984); Alan M. Ahart, *Attorneys' Fees: The Patent Experience*, 57 J. Pat. Off. Soc'y 608, 617 n.37 (1975).

Second, the relevant policy considerations behind sections 284 and 285 are quite different from those involved in EAJA and Rule 11. Those provisions are addressed to the award of attorneys' fees, not enhanced damages, as provided in section 284. Even as to the attorneys' fees provision of section 285, the considerations are different. Rule 11 deters abusive litigation practices, *Cooter & Gell*, 496 U.S. at 393, and EAJA discourages the government from initiating unjustified litigation by evening the playing field, "eliminat[ing] for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990). In contrast, section 285, while it serves deterrent purposes, is a primarily compensatory provision. *See, e.g.*, *Mathis v. Spears*, 857 F.2d 749, 753 (Fed. Cir. 1988) ("The purpose of Section 285 is to reimburse a party injured when forced to undergo an 'exceptional' case." (emphasis omitted)). Early on, it was recognized that attorneys' fee awards were "not to be regarded as a penalty for failure to win a patent infringement suit," and should only be allowed where it would be "grossly unjust that the winner

. . . be left to bear the burden of his own counsel fees." *Rohm & Haas*, 736 F.2d at 691 (quoting *Park-In Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)).

Third, unlike sanctions under Rule 11 or attorneys' fees under the EAJA, enhanced damages and exceptional case findings frequently involve extraordinarily large awards, often amounting to millions of dollars.[3]  Highmark was awarded approximately $5 million in attorneys' fees and expenses in this case.  *Highmark*, 687 F.3d at 1308.  Bard was awarded $185,589,871.02 in enhanced damages and $19 million in attorneys' fees and costs. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1178 (Fed. Cir. 2012).  The Supreme Court recognized in *Pierce* that large fee awards "militat[ed] against" an abuse of discretion standard: "If this were the sort of decision that ordinarily has such substantial consequences, one might expect it to be reviewed more intensively." *Pierce*, 487 U.S. at 563.  However, the Court concluded that this concern was unwarranted as applied to EAJA, because at the time EAJA fee awards were

---

[3]    For enhanced damages, *see, e.g.*, *Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1264–65 (Fed. Cir. 2012) ($21 million in enhanced damages); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 858 (Fed. Cir. 2010) ($40 million in enhanced damages); *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1323 (Fed. Cir. 2008) ($38,482,008.00 in enhanced damages).

For attorneys' fees, *see, e.g.*, *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 910 (Fed. Cir. 2012) ($4,683,653.03 in attorneys' and experts' fees and expenses); *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1366 (Fed. Cir. 2010) (over $6 million in attorneys' fees); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1385 (Fed. Cir. 2008) ($16.8 million in attorneys' fees).

typically only a few thousand dollars. *Id.*; *see also Jean*, 496 U.S. at 164 n.12 ("In 1989 [EAJA] awards averaged less than $3,000 each").

Fourth, unlike the situation under Rule 11, the decision to award attorneys' fees and enhanced damages to prevailing parties under sections 284 and 285 is based on the entire case, and does not turn on whether the patentee's position would have been reasonable at the time of filing the complaint or pleading. *See Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1076 (Fed. Cir. 2002); Fed. R. Civ. P. 11 advisory committee's note, 1983. Rather, our en banc decision in *Seagate* established that objective reasonableness for enhanced damages is a single retrospective look at the merits of the case after the conclusion of the litigation, when there is a "prevailing party." *See, e.g.*, *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1264 (Fed. Cir. 2008) ("[O]bjective baselessness requires a determination based on the record ultimately made . . . not on the basis of information available to the patentee at the time the allegations were made."). The same is true of attorneys' fee awards under section 285 in the litigation of unmeritorious cases. Nor do sections 284 and 285, in these respects, implicate supervision of the local bar, a matter that *Cooter & Gell* found particularly within the expertise of the local district court. 496 U.S. at 404.

Fifth, appeals of enhanced damage awards and exceptional case findings typically come to this court either after an appeal that resolved the merits, or in an appeal that also involves review of the merits.[4] The district

---

[4]    E.g., Meyer Intellectual Props., Ltd. v. Bodum, Inc., 690 F.3d 1354 (Fed. Cir. 2012); Bard, 670 F.3d 1171; i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831 (Fed. Cir. 2010); ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368 (Fed. Cir. 2009); see also Highmark, 687 F.3d 1300

court, when it makes an objective reasonableness determination after a trial on the merits, is simply unable to forecast what this court will decide in the merits appeal. In this respect, it is not "uniquely positioned" to decide the objective reasonableness question.  Moreover, the existence of appellate review on the merits before the objective reasonableness determination significantly mitigates the concern expressed in *Pierce* with "the investment of appellate energy" in de novo review.  *Pierce*, 487 U.S. at 561; *see also Cooter & Gell*, 496 U.S. at 403-04.  It will not require a significant "investment of appellate energy" for an appellate panel that has already addressed the merits to then determine if, under the correct law, a litigant was objectively unreasonable. Quite the contrary; the merits panel is typically better situated to make that determination than the district court, and remand for a district court's determination of objective reasonableness in light of the appellate merits determination would often be wasteful.  The Federal Circuit brings to the table useful expertise.  Our court sees far more patent cases than any district court, and is well positioned to recognize those "exceptional" cases in which a litigant could not, under the law, have had a reasonable expectation of success.

## III

Patent cases present complex legal issues.  The interests of the parties, the legal system and the public are best served if both patentees and accused infringers are able to present reasonable legal positions without fear of sanctions.  Unlike Rule 11, section 285 provides no safe

---

(addressing damages after a prior merits appeal); Marc-Tec, LLC v. Johnson & Johnson, 664 F.3d 907, 910 (Fed. Cir. 2012) (same).

harbor that allows a party to withdraw its case and thereby avoid the possibility of sanctions. De novo appellate review of the objective reasonableness defense assures uniformity in the treatment of patent litigation, insofar as reasonableness is the governing issue. At the same time, district courts will continue to play an important role in determining whether the subjective good faith prong of the applicable test has been satisfied and whether, if the legal predicates for a sanctions award have been satisfied, an award is desirable in a particular case.

# United States Court of Appeals
# for the Federal Circuit

---

**HIGHMARK, INC.,**
*Plaintiff-Appellee,*

v.

**ALLCARE HEALTH MANAGEMENT SYSTEMS,
INC.,**
*Defendant-Appellant.*

---

2011-1219

---

Appeal from the United States District Court for the
Northern District of Texas in case no. 03-CV-1384, Judge
Terry Means.

MOORE, Circuit Judge, with whom RADER, Chief
Judge, and O'MALLEY, REYNA, and WALLACH, Circuit
Judges, join, dissenting from the denial of the petition for
rehearing en banc.

---

Our court system has well-defined roles: the trial
court makes factual findings and the appellate court
reviews those findings with deference to the expertise of
the trial court. An exceptional case determination under
35 U.S.C. § 285 has traditionally been one of the ques-
tions of fact determined by the trial court that is review-
able only for clear error. Contrary to our precedent, the
divided *Highmark* panel decided that a district court's

exceptional case finding—based on its determination that the infringement claims asserted at trial were objectively baseless—is entitled to no deference and should be reviewed *de novo*. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309-10 (Fed. Cir. 2012). Because *Highmark* deviates from precedent, invades the province of the fact finder, and establishes a review standard for exceptional case findings in patent cases that is squarely at odds with the highly deferential review adopted by every regional circuit and the Supreme Court in other areas of law, I dissent from the denial of rehearing en banc.

I.

Attorney fees may be awarded to the prevailing party in "exceptional cases." 35 U.S.C. § 285. The exceptional nature of a case must be established by clear and convincing evidence. *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005). Absent misconduct in the litigation or in securing the patent, sanctions can be awarded "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id.* at 1381.

Until *Highmark*, it was well established that the exceptional case determination, including objective baselessness, was a question of fact, subject to review only for clear error. *See, e.g.*, *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1459 (Fed. Cir. 1998) (en banc) ("[T]he district court must determine whether a case is exceptional, a factual determination reviewed for clear error."); *Eon-Net LP. v. Flagstar Bancorp.*, 653 F.3d 1314, 1323, 1326 (Fed. Cir. 2011) ("[We] review the court's exceptional case finding for clear error. . . . [T]he district court did not clearly err in finding that Eon-Net pursued objectively baseless infringement claims."); *ICU Med., Inc. v. Alaris*

*Med. Sys., Inc.*, 558 F.3d 1368, 1380 (Fed. Cir. 2009) (affirming the district court's exceptional case finding because it did not clearly err by finding that certain claims were objectively baseless); *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005) ("Whether a case is exceptional depends on findings of fact best left to the trial court, which we consequently review for clear error."). The *Highmark* majority is not free to disregard binding precedent on this point—the objectively baseless inquiry is a question of fact—and we should give the district court deference on appeal.

The *Highmark* decision relied, as did the *Bard* decision,[1] on *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.* (*PRE*), 508 U.S. 49 (1993), to justify this new *de novo*, no deference, approach to objective reasonableness. *See Highmark*, 687 F.3d at 1310 n.1; *Bard*, 682 F.3d at 1007-08. The *Highmark* majority believed that "The Supreme Court in *Professional Real*

_____

[1]    The *Highmark* decision rests in significant part on *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006-07 (Fed. Cir. 2012), which held that objective recklessness in a willfulness determination under 35 U.S.C. § 284, "even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to *de novo* review." Until *Bard,* both before and after *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc), we reviewed the willfulness issue for clear error. *See, e.g., Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1229 (Fed. Cir. 2011) ("When the resolution of a particular issue or defense is a factual matter, however, whether reliance on that issue or defense was reasonable under the objective prong is properly considered by the jury."). *Bard's* holding that the objective prong "*should always* be decided as a matter of law by the judge" cannot be reconciled with *Powell. Bard*, 682 F.3d at 1006-07 (emphasis added). For reasons similar to those discussed below, this court should also revisit *Bard* en banc.

*Estate* held that objective baselessness in this context is an issue decided by the court as a matter of law." *Highmark*, 687 F.3d at 1310 n.1. With all due respect, it did not. Objective baselessness was *not* even at issue in *Professional Real Estate*. The parties conceded that the litigation was *not* objectively baseless. *PRE*, 508 U.S. at 54; *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.*, 944 F.2d 1525, 1530 (9th Cir. 1991) ("PRE does not challenge the district court's finding that the infringement action was brought with probable cause, i.e., that the suit was not baseless. Rather, PRE argues that the copyright infringement lawsuit is a sham because Columbia Pictures did not honestly believe that the infringement claim was meritorious."). PRE argued to the Supreme Court that: "Lawsuits that are 'not baseless' may nevertheless fall within the sham exception where they are pursued with indifference to their outcome and for reasons such as directly to burden and harass a competitor and thereby unreasonably restrain competition." Pet'r Br., *PRE*, 1992 WL 541279, at *13 (May 14, 1992). The Court rejected this contention: "We left unresolved the question presented by this case—whether litigation may be sham merely because a subjective expectation of success does not motivate the litigant. We now answer this question in the negative and hold that an objectively reasonable effort to litigate cannot be sham regardless of subjective intent." *PRE*, 508 U.S. at 57. The Supreme Court explained: "In sum, fidelity to precedent compels us to reject a purely subjective definition of 'sham.'" *Id.* at 60.

What the Supreme Court in *Professional Real Estate* did *not* say is that objective reasonableness or probable cause is always decided as a matter of law. The Court in *Professional Real Estate* could decide the issue of objective reasonableness as a matter of law was because there were

*no facts in dispute*: *"Where, as here, there is no dispute over the predicate facts* of the underlying legal proceeding, a court may decide probable cause as a matter of law." *Id.* at 63 (emphasis added).[2] It is thus error to state: "The Supreme Court in *Professional Real Estate* held that objective reasonableness in this context is an issue decided by the court as a matter of law." *Highmark*, 687 F.3d at 1310 n.1. The *Highmark* majority's interpretation of *Professional Real Estate* is at odds with numerous other courts that have held, pursuant to *Professional Real Estate*, that when predicate facts are in dispute, objective reasonableness *cannot* be decided as a matter of law.[3]

---

[2] This is not a particularly surprising approach. Courts often decide otherwise factual issues as a matter of law when the underlying facts are not in dispute. This is sometimes called summary judgment. *See* Fed. R. Civ. P. 56.

[3] *See, e.g.*, *Pers. Dep't, Inc. v. Prof'l Staff Leasing Corp.*, 297 Fed. App'x 773, 780 (10th Cir. 2008) (unpublished) ("Supreme Court precedent [(including *Professional Real Estate)*] clearly contemplates that when genuine issues of material fact exist regarding a defendant's probable cause to institute the underlying lawsuit, summary judgment [] is improper."); *In re Relafen Antitrust Litig.*, 346 F. Supp. 2d 349, 361 (D. Mass. 2004) ("Here, 'the facts tending to establish the existence or want of existence of probable cause' were disputed, rendering the question inappropriate for decision as matter of law." (citation omitted)); *New York Jets LLC v. Cablevision Sys. Corp.*, No. 05 Civ. 2875(HB), 2005 WL 3454652, at *2 (S.D.N.Y. Dec. 19, 2005) ("I cannot determine, as a matter of law, that [prior] actions were (or were not) objectively baseless"); *In re Neurontin Antitrust Litig.*, Nos. 02-1830, 02-1731, 02-5583, 2009 WL 2751029, at *22 (D.N.J. Aug. 28, 2009) ("Furthermore, when the predicate facts of an allegedly sham lawsuit are disputed, sham litigation claims should not be decided by the court as a matter of law."); *Echostar Satellite, L.L.C. v. ViewTech, Inc.*, No. 07-CV-1273, 2009 WL 1668712, at *3 (S.D. Cal.

Creating a unique standard for objective baselessness, applicable only to patent cases, is a misinterpretation of *Professional Real Estate* and is simply wrong.

## II.

The question of whether something is "objectively baseless" is not unique to patent law or the Federal Circuit. In fact, there are many instances when a court must consider whether a litigant's position is objectively baseless or objectively reasonable. And in those instances, the regional circuits and the Supreme Court have consistently held that deference should be given by the appellate court to the trial court's conclusions.

Indeed, in *Professional Real Estate*, the Supreme Court analogized objective baselessness, or lack of probable cause, to the good cause standard of Federal Rule of Civil Procedure 11. *See PRE*, 508 U.S. at 65. Under Rule 11, as with objective baselessness, the district court must determine whether a party's position was objectively unreasonable. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990); *see also, e.g.*, *Morris v. Wachovia Sec. Inc.*, 448 F.3d 268, 277 (4th Cir. 2006).

In *Cooter*, the Supreme Court concluded that all aspects of a sanctions determination under Rule 11 should be reviewed on appeal under an abuse of discretion standard. 496 U.S. at 401. The Court recognized that some variation in the application of a standard based on reasonableness, like Rule 11, is inevitable, but that the "district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* at

---

May 27, 2009) (concluding that because the facts were disputed, the court could not determine as a matter of law "whether the litigation is objectively reasonable").

402-03.  There is no way to reconcile our court's *de novo* standard of review for objective baselessness in patent cases with *Cooter* and *Professional Real Estate.*

Not surprisingly, given the clear direction from the Supreme Court, the regional circuits are unanimous that the issue of objective reasonableness under Rule 11 is to be reviewed deferentially by the appellate courts.[4]  I can divine no reason to create a rule unique to patent cases, to disregard such clear and wise precedent from our sister circuits, or to disregard the Supreme Court's precedent in *Cooter* and *Professional Real Estate.*

The parallels to the Rule 11 inquiry are compelling, and in my view dispositive of how we should approach the "objective baselessness" inquiry.  But Rule 11 is not the only situation in which courts confront objective reasonableness.  For example, the Equal Access to Justice Act (EAJA) awards a prevailing party costs and attorney fees

---

[4]    *See, e.g.*, *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (determining compliance with Rule 11 is "an objective, not subjective, standard of reasonableness under the circumstances" and concluding that the "district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11" (citation omitted)); *see also CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 62-63 (1st Cir. 2011); *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, LTD.*, 682 F.3d 170, 177-78 (2d Cir. 2012); *In re Taylor*, 655 F.3d 274, 282-83 (3d Cir. 2011); *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626-27 (6th Cir. 2010); *Ross v. City of Waukegan*, 5 F.3d 1084, 1088-89 (7th Cir. 1993); *Clark v. United Parcel Serv.*, 460 F.3d 1004, 1010-11 (8th Cir. 2006); *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003); *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991); *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

unless "the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). In *Pierce v. Underwood*, 487 U.S. 552 (1988), the Supreme Court analyzed the EAJA fee-shifting provision and concluded that the "substantially justified" language means "justified to a degree that could satisfy a reasonable person," which is "no different from the 'reasonable basis both in law and fact' formulation" adopted by the vast majority of the appellate courts having addressed the issue. 487 U.S. at 565. As a result, the Court concluded that the issue should be reviewed under the abuse of discretion standard. The Court reasoned that the district court was in the best position to make this determination:

> [D]etermining whether mixed questions of law and fact are to be treated as questions of law or of fact for purposes of appellate review . . . has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question. We think that consideration relevant in the present context as well, and it argues in favor of deferential, abuse-of-discretion review. To begin with, some of the elements that bear upon whether the Government's position was substantially justified may be known only to the district court. Not infrequently, the question will turn upon not merely what was the law, but what was the evidence regarding the facts. By reason of settlement conferences and other pretrial activities, the district court may have insights not conveyed by the record, into such matters as whether particular evidence was worthy of being relied upon, or whether critical facts could easily have been verified by the Government.

*Pierce*, 487 U.S. at 560 (internal quotation marks and citations omitted).

The same can be said about the objectively baseless analysis in the exceptional case context. The district court is better situated to decide whether a litigation position was objectively baseless. Such a determination may turn on legal positions taken, on factual support for those positions, or both. The trial court is in the best position to make the requisite findings and weigh them accordingly. Like the EAJA determination, the district court's objective baselessness findings should be given deference on appeal.

Regional circuits also consider whether a prevailing party is entitled to attorney fees under 28 U.S.C. § 1927. In a majority of circuits, the § 1927 inquiry is objective, just like § 285's "objective baselessness." *See Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64-65 (1st Cir. 2008) ("In this circuit, courts use a mainly objective standard for the purpose of determining when a lawyer's actions are unreasonable or vexatious. . . . This focus on objective measurement comports with the majority view across the circuits." (citations to cases from the Sixth, Seventh, Eleventh, and Federal Circuits omitted)); *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718-19 (8th Cir. 1999). In all regional circuits, regardless of whether the inquiry is objective or subjective, it is a question of fact that is reviewed with deference.[5]

---

[5]  See Jensen, 546 F.3d at 64-65; Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009); LaSalle Nat. Bank v. First Conn. Holding Grp., LLC XXIII, 287 F.3d 279, 288 (3d Cir. 2002); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 443 (4th Cir. 2011); Cambridge Toxicology Grp., Inc. v. Exnicos, 495 F.3d 169, 180

Despite all of these parallel inquiries where the regional circuits and the Supreme Court have consistently held that the objective reasonableness finding is to be given deference on appeal, *Highmark* holds that our court should review this determination *de novo*. There is no reason a district court judge's findings on objective reasonableness should be reviewed without deference (*de novo*) in patent cases, but given deference in all other areas of law. There is no justification in either law or logic for the departure that our court takes in *Highmark.*

## III.

As Judge Mayer explained in his dissent, "the question of what constitutes reasonable conduct under varying circumstances is a quintessentially factual issue." *Highmark*, 687 F.3d at 1321 (Mayer, J., dissenting). An objectively baseless lawsuit is one in which no reasonable litigant could reasonably expect success on the merits. *PRE*, 508 U.S. at 60. The question is not whether the litigation or positions taken in litigation are actually meritorious but rather whether a reasonable person in similar circumstances would have expected any chance of success. Thus, whether a defendant's anticipation defense is considered "objectively baseless" depends not on whether the defense is actually meritorious, but instead on whether a reasonable attorney would think the defense is completely meritless in light of the facts and circumstances relevant to the defense. District court judges live with these cases, often for many years. They are better situated to review the evidence, hear the testimony and evaluate the parties' conduct, behavior, and positions in

---

(5th Cir. 2007); Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1184 (9th Cir. 2012); Roth v. Green, 466 F.3d 1179, 1187 (10th Cir. 2006).

the litigation.[6]  There is simply no reason to believe that

_____

    [6]    *See Eon-Net*, 653 F.3d at 1324 ("When reviewing an exceptional case finding for clear error, we are mindful that the district court has lived with the case and the lawyers for an extended period.  Having only the briefs and the cold record, and with counsel appearing before us for only a short period of time, we are not in the position to second-guess the trial court's judgment."); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391-92 (Fed. Cir. 2008) (Bryson, J., concurring) ("A district judge who has lived with a case and the lawyers for an extended period . . . is infinitely better situated than we are to . . . assess whether the case should be treated as exceptional and whether fees should be awarded.  Where the trial court applies the proper legal standards and conducts a thorough review of the circumstances bearing upon the section 285 inquiry, there is little room for a reviewing court to second-guess the trial court's judgment."); *Thomas v. Capital Sec. Svcs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988) ("The trial judge is in the best position to review the factual circumstances and render an informed judgment as he is intimately involved with the case, the litigants, and the attorneys on a daily basis."); *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987) ("This [Rule 11] determination . . . rests upon and is informed by the District Court's intimate familiarity with the case, parties, and counsel, a familiarity we cannot have.  Such a determination deserves substantial deference from a reviewing court."); *Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68 (1st Cir. 2011) ("We give deference to a district court's decision to impose sanctions because it is in the best position to 'evaluate the circumstances surrounding an alleged violation and render an informed judgment.'" (citation omitted)); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 638 (11th Cir. 2010) ("Given the district court's familiarity with the case and the parties, the district court is in a better position 'to make these [Rule 11] determinations in the first instance, explicitly and on the record.'"); *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 933 (7th Cir. 1989) (en banc) ("Because the district courts have the

we, as an appellate tribunal spending just thirty minutes with the attorneys and having a limited record and knowledge of the events taking place in the proceeding below, are in a better position than the trial judge to decide "objective baselessness." Objective baselessness in the § 285 context, like Rule 11, the EAJA, and §1927, involves fact issues decided by the district court judge that should be afforded deference on appeal.

## IV.

We need to avoid the temptation to label everything legal and usurp the province of the fact finder with our manufactured *de novo* review. We have done it with claim construction, *see Cybor*, with willfulness, *see Bard*, and now with the exceptional case, *see Highmark*. When we convert factual issues, or mixed questions of law and fact, into legal ones for our *de novo* review, we undermine the uniformity and predictability goals this court was designed to advance.

This is not to say that these issues should be given to the jury. The Supreme Court held that claim construction is better decided by the district court judge. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388 (1996). This does not, however, morph a mixed question of law and fact into a pure legal question entitled to no deference on appeal. Stating that something is better decided by the judge is not the same as saying it is a matter of law. The same is true with the objectively baseless analysis in the willfulness context. We have concluded then when the analysis turns on purely legal issues, the judge not

---

best information about the patterns of their cases, they are in the best position to determine whether a legal position is far enough off the mark to be frivolous or whether an attorney conducted an adequate inquiry under the particular circumstances of a case.").

the jury should be the fact finder. *Powell*, 663 F.3d at 1236-37. This is logical. It does not, however, convert the issue into a legal one. For example, in deciding whether a defendant's claim construction position is objectively baseless, the judge, not the jury, decides claim construction. The jury would not have heard the claim construction arguments; they are held in a *Markman* hearing outside the presence of the jury. In that circumstance, it makes no sense for the jury to decide whether arguments it never heard were objectively baseless. The judge is better suited to make this determination. That does not, however, make the inquiry purely legal entitled to no deference on appeal. Whether a district court's claim construction is correct on the merits is significantly different from whether a litigant's claim construction position is objectively baseless. Indeed, whether a party's position—on claim construction, anticipation, obviousness, or otherwise—is objectively baseless involves consideration of not only the state of the law when the position was advanced, but also the underlying facts and circumstances forming the basis of the position. Objective baselessness is a finding that should be given deference by this court.

## CONCLUSION

*Highmark* is contrary to Supreme Court precedent, contrary to the practice of the other circuits, and improperly shifts the decision-making balance between the trial and appellate courts. The Supreme Court reprimanded our court not so long ago for departing from the "long tradition of equity practice" and creating patent-law specific rules. It is clear from *Highmark* that our court has not learned this lesson. I dissent from the denial of en banc review in this case.

# United States Court of Appeals
## for the Federal Circuit

---

**HIGHMARK, INC.,**
*Plaintiff-Appellee,*

v.

**ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2011-1219

---

Appeal from the United States District Court for the Northern District of Texas in case no. 03-CV-1384, Judge Terry Means.

---

REYNA, *Circuit Judge*, dissenting, with whom RADER, *Chief Judge,* joins in parts I–II, and with whom MOORE, O'MALLEY and WALLACH, *Circuit Judges,* join in full.

I dissent from the court's refusal to consider *en banc* the proper standard of review governing exceptional case determinations under 35 U.S.C. § 285. The majority decision is incorrect in presuming it appropriate for us to invade the fact finding province of the lower court.[1]

---

[1] Many of the issues I raise herein have previously been addressed in Judge Mayer's well-crafted dissent. I share in full my colleague's views in this particular case.

Sitting as a three judge panel, the *Highmark* majority shifts our standard of review from the deferential clear error standard to *de novo* review when assessing whether infringement allegations are objectively baseless. Until now, we have treated all aspects of § 285 determinations as issues of fact and we have repeatedly emphasized the importance of deferring to the trial judge who is intimately familiar with the litigation and has observed all case developments—factual, legal, evidentiary, or otherwise—before ruling on a motion for attorneys' fees. As explained below, this court now adopts an erroneous approach that disregards binding precedent, misunderstands the deference owed to the factual findings of the district court, and overstates the significance of § 284 authority.

I

In the proceedings below, the district court awarded an accused infringer attorneys' fees, expert fees, and costs after it prevailed on a motion for summary judgment of non-infringement. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1307–09 (Fed. Cir. 2012). The award of fees followed the district court's declaration that the case was exceptional. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 706 F. Supp. 2d 713, 738 (N.D. Tex. 2010). The district court explained that the patentee's allegations of infringement were frivolous, *id.* at 727–29, and also found that the patentee impermissibly shifted its claim construction positions throughout the course of the proceedings, made improper arguments on the issues of *res judicata* and collateral estoppel, and made misrepresentations to the transferor court in connection with a motion to transfer venue. *Id.* at 733–36.

---

*See generally Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1319–24 (Fed. Cir. 2012).

On appeal, this court reversed the district court's findings with regard to litigation misconduct and reversed the award of attorneys' fees for one of the two independent claims because it determined as a matter of law that the infringement claim was not objectively baseless.

Our case law regarding § 285 is a well-established "two-step process." *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327–28 (Fed. Cir. 2003). As relevant here, the first step is for a prevailing party to establish by clear and convincing evidence that the case is "exceptional." *Id.* at 1327. In *Brooks Furniture*, we explained that a showing of exceptionality can be made only if (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (relying on *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). Thus, our cases consistently required a two-prong analysis assessing both the objective reasonableness of the losing party's positions and the losing party's subjective intent.

This court routinely reviews lower courts' § 285 rulings in patent cases, and we have consistently done so by reversing only in instances of clear error. *E.g.*, *Eon-Net LP v. Zimmerman*, 653 F.3d 1314, 1323–24 (Fed. Cir. 2011) ("[W]e review the court's exceptional case finding for clear error."); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1380 (Fed. Cir. 2009) (affirming the district court's exceptional case findings because they were not clearly erroneous); *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1357–58 (Fed. Cir. 2008) (explaining that the "court did not clearly err in finding [the] case exceptional"); *see also Forest Labs*, 339 F.3d at 1328 (emphasizing that this court reviews a trial "court's factual findings, including whether the case is exceptional, for clear error"). In reviewing for clear error, we have noted that

district courts are owed a "high level of deference," *Wedge-tail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1305 (Fed. Cir. 2009) (internal citation omitted), because "[w]hether a case is 'exceptional' in accordance with 35 U.S.C. § 285, is a question of fact." *Brasseler, U.S.A. v. Stryker Sales Corp.*, 267 F.3d 1370, 1378 (Fed. Cir. 2001); *see also Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1304 (Fed. Cir. 2009) (discussing the determination of whether the case is exceptional as "a question of fact").

The purpose underlying 35 U.S.C. § 285 is to compensate a prevailing party for its monetary outlays in the prosecution or defense of the suit. *See Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Congress authorized awards of attorney fees to prevailing defendants "to enable the court to prevent a gross injustice to an alleged infringer." S. Rep. No. 1503, 79th Cong., 2d Sess. (1946), *reprinted in* 1946 U.S. Code Cong. Serv. 1386, 1387; *see also Mathis v. Spears*, 857 F.2d 749, 758 (Fed. Cir. 1988). Thus, the exceptional case determination is bound up with whether a court will "make whole a party injured by an egregious abuse of the judicial process." *Mathis*, 857 F.2d at 758 (citing *Hall v. Cole*, 412 U.S. 1, 5 (1973)).

Against this backdrop, the two-judge *Highmark* majority alters the standard of review for a patent-specific statute without accounting for the litany of precedential decisions applying the clear error standard to the objective and subjective exceptional case inquiries. This departure constitutes an issue of great importance and I desire *en banc* action to examine—with the input of the full court—whether our prior precedent should be overruled. *Preminger v. Sec'y of VA*, 517 F.3d 1299, 1309 (Fed. Cir. 2008) (citing *Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003) (holding that a prior precedential

decision on a point of law cannot be overruled or avoided unless the court sits *en banc)*).

## II

The principle of *stare decisis* tasks courts with abiding by, or adhering to, decided cases. *Accord Hubbard v. United States*, 514 U.S. 695, 711 (1995) (Scalia, J., concurring). *Stare decisis* is the preferred course because it "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tennessee*, 501 U.S. 808, 827 (1991) (internal citation omitted); *see also In re Bilski*, 545 F.3d 943, 993–94 (Fed. Cir. 2008), *aff'd but criticized on other grounds*, *Bilski v. Kappos*, 130 S. Ct. 3218 (2010) (noting the judicial obligation to respect the principles of *stare decisis*). The Supreme Court suggests that governing decisions should only be set aside where the applicable rule of law is "unworkable" or "badly reasoned." *Payne*, 501 U.S. at 827.

We have a duty today and every day to yield to settled rules in our jurisprudence. Even a cursory review of our cases reveals that we have clearly set forth a deferential standard of review and we have routinely communicated to litigants and lower courts that we will review all § 285 findings for clear error. Here, the established precedent is especially wise, and should not be disturbed because it respects the enduring balance between the trial judge and the appellate panel in carrying out their distinct responsibilities. *E.g.*, *Salve Regina College v. Russell*, 499 U.S. 225, 233 (1991) (noting that established standards of deference for appellate review of district-court determinations reflects "an accommodation of the respective institutional advantages of trial and appellate courts").

The *Highmark* decision casually sets aside binding precedent that was neither unworkable nor badly reasoned.  While we may be tempted to view ourselves as best-positioned to weigh whether a given party's claim construction or infringement positions are objectively reasonable, in doing so, we fallaciously presume that we can neatly separate intertwined issues of law and fact.  As the Supreme Court teaches, however, "[m]aking such distinctions is particularly difficult" since there is no "rule or principle that will unerringly distinguish a factual finding from a legal conclusion" in the context of attorney fee awards.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990); *see also Highmark*, 687 F.3d at 1322 (Mayer, J., dissenting) (recognizing that implementing a *de novo* standard of review for questions of objective baselessness will "undoubtedly spawn unneeded litigation over which issues in a section 285 determination are issues of fact, which are issues of law, and which are mixed questions of law and fact").

Instead of applying *de novo* review to a mixed question of law and fact, I would abide by the Supreme Court's guidance and continue to apply the clear error standard to a trial court's informed judgment.  *See Salve Regina College*, 499 U.S. at 233 (explaining that a "deferential review of mixed questions of law and fact is warranted when it appears that the district court is better positioned than the appellate court to decide the issue in question or that probing appellate scrutiny will not contribute to the clarity of legal doctrine") (internal citations omitted); *see also Cooter & Gell*, 496 U.S. at 402 ("[T]he district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11").  This path more closely tracks the § 285 statutory goals such as deterring suits that a district court finds are "clearly unwarranted."

*Automated Business Cos. v. NEC Am., Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000); *see also Mathis*, 857 F.2d at 754, 758.

Nowhere is the mixed nature of objective baselessness conclusions more apparent than when courts accept the testimony of experts to assist in making legal determinations. The inherent complexity of patent cases almost always requires expert testimony on questions of infringement and validity, and this testimony certainly bears upon whether a litigant's position is objectively baseless. I am persuaded that we tread too far by declining any deference to lower court conclusions that may turn on, or be informed by, how a skilled artisan would understand the claims.[2] In my view, the judge presiding over claim construction, summary judgment, and trial is uniquely positioned to refer back to earlier proceedings when parsing through whether or not a party was objectively reasonable in litigating a particular claim or the case as a whole. Even when we attempt to "look backwards" and "consider the record as a whole," *see Highmark*, 687 F.3d at 1310–11, this court is not on equal

---

[2] For example, in a situation where the objective baselessness allegations are premised on a finding that certain claims were insolubly ambiguous pursuant to 35 U.S.C. § 112, ¶ 2, a trial judge may dismiss all or part of the case based on a showing that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art. *See Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010). In such a case, it is entirely possible that this decision would be reached through reliance on expert testimony. We as an appellate court cannot adequately, if at all, assess credibility of such testimony because the witness is not before us in person. We should thus limit our intervention to instances of clear error.

footing with the district court in weighing determinative facts, especially in the context of expert opinions. *Salve Regina College*, 499 U.S. at 233 (recognizing a trial court's superior fact finding ability and demanding that due regard be given to a trial court in judging the credibility of the witnesses).

## III

I take particular issue with the majority's overstated reliance on developments in the willful infringement context in order to dictate a less deferential standard of review in deciding whether it is proper to award attorneys' fees. The majority does not make even a veiled attempt to premise its decision on applicable § 285 cases. Instead, it manipulates two inapposite § 284 cases in order to unnecessarily extend *de novo* review.[3] *See Highmark*, 687 F.3d at 1309.

First, the majority quotes *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, 682 F.3d 1003, 1007 (Fed. Cir. 2012), which held that objective recklessness in a willfulness determination is subject to *de novo* review even though the "ultimate question of willful infringement has long been treated as a question of fact." *Id.* at 1006–07

---

[3]    *Highmark* does not incorporate the discussion in *iLOR v. Google* which equated the objective baselessness standard for enhanced damages and attorneys' fees and the objective recklessness standard for willful infringement actions. *See iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011). Even so, *iLOR* does not state that we are departing from a clear error standard of review for § 285. Indeed, even after we decided *iLOR,* we continued to review the trial court's objective baselessness findings for clear error. *See Eon-Net*, 653 F.3d at 1324, 1326 (assessing the reasonableness of the plaintiff's claim construction positions under the clear error standard) (citing *iLOR*, 631 F.3d at 1378–79).

(internal citations omitted).  Despite the puzzling conclusion in *Bard* that we can transform a question of fact into a mixed question of law and fact in order to exclude a jury from deciding what conduct is reasonable, I am aware of no Supreme Court or *en banc* authority requiring us to apply the same standard of review for § 285 as we do in § 284.  Even assuming *Bard* was correctly decided, in the absence of a compelling reason or explanation to further extend *Bard*'s directive allowing questions of fact to masquerade as questions of law, I caution against upsetting the equilibrium we have achieved in reviewing exceptional case determinations.

I consider the two standards of review to be distinct questions, in part, because the posture by which the two questions reach this court is not the same.  Both before and after our decision in *In re Seagate*, the question of willful infringement[4] has frequently been submitted to a jury as a question of fact.  *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 858 (Fed. Cir. 2010) ("Here, the question of willfulness was submitted to the jury.  Microsoft does not dispute that the jury instructions were proper under [*Seagate*].").  The same is not true in the § 285 context.  By contrast, the exceptional case determination has always been a factual question answered by the trial judge based on that judge's review of objective

---

[4]    Following *In re Seagate*, the § 284 inquiry has been (1) whether there was clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) whether the infringer knew or should have known of the objectively high risk.  *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1312 (Fed. Cir. 2010) (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)).

and subjective circumstances that emerged throughout the course of the entire litigation.[5]  Now, as before, trial judges are still being asked to answer a single question—"Is this case exceptional?"—except we now refuse to give their objective baselessness findings any deference.  We tie the trial court's hand if we render it mute in the face of such questions.  I do not read *Bard* to compel a shift in our standard of review for exceptional case issues and I consider it unnecessary to apply two different standards of review to answer one overriding question.

In addition to relying on *Bard*, the *Highmark* majority suggests that *Powell v. Home Depot*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) supports its newly-adopted  standard of review.  This reliance is misplaced because *Powell*'s actual treatment of the § 285 issues is inconsistent with the standard of review applied in *Highmark*.  In *Powell*, both § 284 and § 285 determinations were discussed, yet *Highmark* ignores that the standards of review were not the same.  *See Powell*, 663 F.3d at 1229.  Notably, while the *Powell* willful infringement discussion distinguished when an accused infringer's reliance on a particular defense is a question for the court instead of the jury, it never attempted to extend this analysis to the exceptional case discussion.  *See id.* at 1236–37.  To the contrary,

---

[5]    The *Seagate* decision "left it to future cases to further develop the application of [the willful infringement] standard."   497 F.3d at 1371.  While I share Judge Mayer's concerns that *Bard* was wrongly decided pursuant to a three judge panel unilaterally shifting the appropriate standard of review,  *see Highmark*, 687 F.3d at 1321,  I note that at least *Bard* attempted to bolster its reasoning with a recent § 284 *en banc* decision.  The same is not true in the *Highmark* case, where the § 285 standard of review was altered without reference to binding Supreme Court or *en banc* authority discussing the unique purpose of 35 U.S.C. § 285.

*Powell* affirmed all of the district court's exceptional case findings after reiterating our well-established clear error review for all aspects of the exceptional case determination.  *Powell*, 663 F.3d at 1229, 1241 ("A district court's finding that a case is 'exceptional' within the meaning of 35 U.S.C. § 285 is reviewed for clear error.").  I do not read *Powell* to support the conclusion in *Highmark* and I am left without any basis to determine that the majority was justified in importing the § 284 standard of review to exceptional case inquiries.