**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1117-23

ADONI PROPERTY
GROUP, LLC,

     Plaintiff-Respondent,

v.

TOWNSHIP OF MIDDLETOWN
and MAYOR AND COUNCIL
OF THE TOWNSHIP OF
MIDDLETOWN,

     Defendants-Respondents,

and

TOWNSHIP OF HOLMDEL,

     Defendant/Intervenor-
     Appellant.

Argued June 18, 2024 – Decided August 23, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1260-23.

Michael L. Collins argued the cause for appellant (King, Moench & Collins, LLP, attorneys; Michael L. Collins, of counsel and on the briefs; Krishna R. Jhaveri, on the briefs).

Donna M. Jennings argued the cause for respondent (Wilentz, Goldman & Spitzer, PA, attorneys; Donna M. Jennings, of counsel and on the brief; Anthony J. Zarillo III, on the brief).

PER CURIAM

On leave granted, appellant Township of Holmdel appeals from the July 21, 2023 and December 1, 2023 orders denying its motions to intervene in this builder's remedy action brought by plaintiff Adoni Property Group, LLC against defendant Township of Middletown and its governing body (defendants). We conclude that at the time appellant sought to intervene in the litigation, it did not satisfy the requirements under Rules 4:33-1 and 4:33-2 to warrant intervention. Therefore, we affirm.

I.

In October 2022, plaintiff sent defendants a letter advising it owned two properties in Middletown, equaling approximately twenty-one acres of land, and

in a zone that designated <u>Mount Laurel</u>[1] apartments as "accessory." The properties are adjacent to defendants' and appellant's shared border.

Plaintiff stated the current zoning of the properties did not present a realistic opportunity for defendants to provide affordable housing, and that plaintiff wanted to develop several luxury residential apartment buildings and set aside approximately seventy-two units as low- and moderate-income housing to assist defendants in meeting their <u>Mount Laurel</u> obligation. Plaintiff wanted to negotiate a rezoning of the two properties to permit the construction of the projects.

Following a meeting in February 2023, plaintiff's understanding was that defendants intended to consider the proposals in March 2023. Although plaintiff contacted defendants several times as to the outcome, their emails went unanswered. Thereafter, plaintiff filed a complaint seeking a builder's remedy, alleging defendants "fail[ed] to create sufficient realistic opportunities for the development of" affordable housing "to satisfy [their] fair share of the unmet regional need."

---

[1] <u>S. Burlington Cnty. N.A.A.C.P. v. Twp. of Mount Laurel</u> (<u>Mount Laurel II</u>), 92 N.J. 158 (1983).

In June 2023, appellant moved to intervene in the litigation. Appellant provided a certification from its Township Administrator stating that vehicular round-trip access to the properties would require crossing into Holmdel, which "would have a tangible and adverse traffic impact" on the town.

Plaintiff opposed the motion, contending it was premature because appellant did not have an interest in the litigation at this stage, during which the court must determine whether defendants have "provided a realistic opportunity for affordable housing." According to plaintiff, appellant's interest concerned traffic issues which would not be briefed or resolved in the current phase of the litigation. Plaintiff also asserted that defendants shared the same interests as appellant in the desire to alleviate traffic concerns.

During oral arguments on the motion, the following exchange took place:

> THE COURT: Counsel, do you want to be heard in response?
>
> [APPELLANT'S COUNSEL]: I would, Your Honor….
>
> I think my adversary hinted at something that indicates the exact reason why Holmdel should intervene now. [Plaintiff's counsel] indicated that a lot of municipalities tend to place affordable housing on their borders because of, you know, the impact is going to be felt by the neighboring municipality and—

> THE COURT: Yeah, . . . by the way, I think that's the way Hazlet felt about [appellant]'s [affordable housing project].
>
> [APPELLANT'S COUNSEL]: I think you are absolutely right, Your Honor.
>
> THE COURT: Yeah. I think I had like maybe three lawsuits on that one.
>
> [APPELLANT'S COUNSEL]: I know Your Honor and the [c]ourt was vested with quite a bit of paper with respect to that, so I . . . credit my adversary's representation and agree with it.

The trial court denied appellant's motion on July 21, 2023 in an oral decision. The court found appellant had not established the requisite interest under Rule 4:33-1 because a concern about traffic would not be considered as part of a determination whether a municipality had demonstrated constitutional compliance with its affordable housing obligation. The court stated the issue of a project's impact on traffic does not arise "unless and until the [c]ourt has had the opportunity to fully address [c]onstitutional compliance and has found [c]onstitutional compliance wanting." Therefore, the court found appellant was not entitled to intervene as of right or permissively under Rules 4:33-1 and 4:33-2.

The court denied the motion without prejudice, stating appellant could renew its application to intervene when the litigation moved to the second phase,

and demonstrate why its interest in the matter entitled it to intervene either as of right or permissively. The second phase would consider whether the proposed sites were suitable for affordable housing.

After plaintiff moved for summary judgment, appellant filed a second motion to intervene, or in the alternative, a motion for reconsideration of the July 21, 2023 order. The court again denied the motion without prejudice, noting appellant's concern that the proposed project was close to its border was not a sufficient interest to intervene at that point in the litigation. The court referred again to a prior case where Hazlet raised the same concern about appellant's affordable housing project. A memorializing order was issued December 1, 2023.

Thereafter, appellant moved for leave to appeal both orders as of right pursuant to Rule 2:2-3(b)(10). We granted leave.

Following oral argument before this court, appellant moved to supplement the record with the May 17, 2024 order in which the trial court found defendants were not in compliance with their Mount Laurel Third Round obligations. As a result, the trial court ordered the matter to proceed to a consideration of the suitability of plaintiff's proposed sites. The court entered a case management

A-1117-23

order on the same date. Because these orders were discussed during the appellate oral argument, we granted the motion.

II.

On appeal, appellant contends the court erred in denying intervention and its "decision was improperly influenced by personal opinions from other litigation."

Our review of a trial court's interpretation of the court rules is de novo. N.J. Dep't of Env't Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 285 (App. Div. 2018). "The decision to grant or deny permissive intervention 'vests considerable discretion in the trial court[,]' Evesham Twp. Zoning Bd. of Adjustment v. Evesham Twp. Council, 86 N.J. 295, 299 (1981), thus we review the court's determination of a permissive intervention motion under an abuse of discretion standard." Id. at 286 (alteration in original) (citation reformatted).

We disagree preliminarily with appellant's assertion that the trial court concluded that a neighboring municipality may never intervene in a builder's remedy action. That is a misrepresentation of the court's determination.

"A builder's remedy provides a developer with the means to bring 'about ordinance compliance through litigation.'" In re Application of Bordentown, 471 N.J. Super. 196, 221 (App. Div. 2022), certif. denied, 252 N.J. 533 (2023)

(quoting Mount Olive Complex v. Twp. of Mount Olive, 356 N.J. Super. 500, 505 (App. Div. 2003)). "A builder's remedy should be granted if: (1) the 'developer succeeds in Mount Laurel litigation'; (2) the developer 'proposes a project providing a substantial amount of lower income housing'; and (3) the developer's proposal is not 'contrary to sound land use planning.'" Id. at 221-22 (footnote omitted) (quoting Mount Laurel II, 92 N.J. at 279-80). This includes "environmental or other substantial planning concerns." Urb. League of Essex Cnty. v. Twp. of Mahwah, 207 N.J. Super. 169, 277 (Law Div. 1984) (quoting Mount Laurel II, 92 N.J. at 279-80).

Further, "[a] builder's remedy is only appropriate 'after a [trial] court has had the opportunity to fully address constitutional compliance and has found constitutional compliance wanting.'" Bordentown, 471 N.J. Super. at 222 (second alteration in original) (quoting In re Adoption of N.J.A.C. 5:96 & 5:97 by the N.J. Council on Affordable Hous. (Mount Laurel IV), 221 N.J. 1, 35-36 (2015)). "Whether a municipality has in place a zoning and planning scheme designed to exclude low[-] and moderate[-]income housing and whether the exclusionary scheme fails to provide a realistic opportunity for construction of such housing are the critical issues to be determined by the trial judge."

A-1117-23

Rosenshein Assocs. v. Borough of Palisades Park, 304 N.J. Super. 438, 444 (App. Div. 1997), appeal dismissed, 156 N.J. 586 (1998).

In its oral decisions denying intervention, the court discussed the timing of the motion, noting it was submitted during the initial phase of the litigation, the phase in which the court had to determine the municipality's compliance with its Mount Laurel obligation. The court analyzed the applicable court rules and case law.

As stated, the court found that appellant's concern regarding the possibility of an increased use of the roads within its town was not an interest before the court at that point. And without demonstrating its interest would not be protected if not considered at that time, appellant had not satisfied the pertinent court rules to permit intervention. The court did not make an absolute ruling that a neighboring municipality could not intervene in a builder's remedy action.

We turn then to the governing court rules. An application for intervention as of right is governed by Rule 4:33-1, which states:

> Upon timely application anyone shall be permitted to intervene in an action if the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest,

unless the applicant's interest is adequately represented by existing parties.

"[A] court must approve an application for intervention as of right if . . . four criteria are satisfied."  Meehan v. K.D. Partners, L.P., 317 N.J. Super. 563, 568 (App. Div. 1998).

> [A] moving party must
>
> > (1) claim "an interest relating to the property or transaction which is the subject of the transaction," (2) show [that the movant] is "so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest," (3) demonstrate that the "[movant's] interest" is not "adequately represented by existing parties," and (4) make a "timely" application to intervene.
>
> [Exxon Mobil, 453 N.J. Super. at 286 (alterations in original) (quoting Am. C.L. Union of N.J., Inc. v. Cnty. of Hudson, 352 N.J. Super. 44, 67 (App. Div. 2002)).]

"We have construed this rule liberally and stated that '[t]he test is whether the granting of the motion will unduly delay or prejudice the rights of the original parties.'"  Meehan, 317 N.J. Super. at 568 (alteration in original) (quoting Atl. Emps. Ins. Co. v. Tots & Toddlers Pre-Sch. Day Care Ctr., Inc., 239 N.J. Super. 276, 280 (App. Div. 1990)).

Appellant renews its argument that it has an interest in the litigation because the projects plaintiff seeks to build are on properties adjacent to its border and it will "have a tangible and adverse traffic impact" on the town. In liberally construing the elements of the rule, we are satisfied that appellant has demonstrated an interest in the proposed project.

However, at the point appellant first presented its application, it did not establish the second prong. As the trial court stated, it had not yet determined defendants' constitutional compliance with its <u>Mount Laurel</u> obligations—the first step in considering whether to grant a builder's remedy. <u>Bordentown</u>, 471 N.J. Super. at 222. Since appellant's asserted interest only concerned increased traffic, the denial of intervention during the constitutional compliance phase did not "impede its ability to protect that interest." <u>Exxon Mobil</u>, 453 N.J. Super. at 286 (quoting <u>Am. C.L. Union of N.J., Inc.</u>, 352 N.J. Super. at 67). The motion was denied without prejudice and the court invited appellant to renew its motion following its determination of the constitutional issue. Because appellant did not satisfy the second element under <u>Rule</u> 4:33-1, we do not reach the remaining prongs.

11

For the reasons stated above, we are also satisfied the court did not mistakenly exercise its discretion in denying appellant's motion for permissive intervention under Rule 4:33-2.

Permissive intervention, a discretionary issue, is governed by Rule 4:33-2. Exxon Mobil, 453 N.J. Super. at 286. "Where intervention of right is not allowed, one may obtain permissive intervention . . . ." Atl. Emps. Ins. Co., 239 N.J. Super. at 280. The Rule states:

> Upon timely application anyone may be permitted to intervene in an action if the claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion[,] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In determining "whether to permit [permissive] intervention, the court should consider if the intervenor has standing in its own right to assert a claim or defense that presents a 'common' 'question of law or fact' with the pending action." Exxon Mobil, 453 N.J. Super. at 290.

As we have noted, the court expressed its reasons for not permitting intervention at this stage of the litigation as appellant's interest was not the subject of the constitutional compliance phase and would not be resolved during that stage. In addition, appellant could re-present its intervention application.

12

We need only briefly address appellant's contention that the trial court's decision lacked impartiality because it was influenced by the judge's personal opinion regarding appellant's previous affordable housing litigation with a neighboring municipality, Hazlet. Appellant points to the court's remarks during both oral arguments about the prior litigation, including referring to its position as "iron[ic]." Appellant did not object to the remarks on either occasion or request the judge disqualify herself.

We have carefully reviewed the fleeting comments and discern no merit to appellant's contention regarding the court's impartiality. The court made its decision after a thorough review of the pertinent court rules and case law. The court's reference to a matter in which appellant's counsel had apparently appeared before it does not rise to bias or impartiality. "[A]n appearance of impropriety is created when a reasonable, fully informed person observing the judge's conduct would have doubts about the judge's impartiality." Goldfarb v. Solimine, 460 N.J. Super. 22, 31 (App. Div. 2019) (quoting Code of Jud. Conduct r. 2.1 cmt. 3 (2016)), aff'd as modified, 245 N.J. 326 (2021). We see no reason to question the court's partiality here.

As stated, during the pendency of this appeal, the trial court determined defendants were not in compliance with their Third Round obligation under the

<u>Mount Laurel</u> doctrine and specifically as established in <u>Mount Laurel IV</u>. Therefore, the trial court is currently considering the suitability of plaintiff's sites proposed for the development of affordable-inclusive housing. As the prior orders denying intervention were denied without prejudice, appellant may file a new motion for intervention, if appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1117-23